*E-Filed 8/23/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VICTOR M. CORREA,

        Plaintiff,

   v.

STEPHEN M. HALL,

        Defendant.
                                      /

No. C 10-0885 RS (PR)

**ORDER OF DISMISSAL**

This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b). Pro se pleadings must nonetheless be liberally construed. *Balistreri*

1  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2  A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim
3  to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)
4  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
5  plausibility when the plaintiff pleads factual content that allows the court to draw the
6  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
7  *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions
8  cast in the form of factual allegations if those conclusions cannot reasonably be
9  drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th
10  Cir. 1994).

11  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
12  a right secured by the Constitution or laws of the United States was violated, and (2) that the
13  alleged violation was committed by a person acting under the color of state law. *West v.*
14  *Atkins*, 487 U.S. 42, 48 (1988).

15  **B.    Legal Claims**

16  Plaintiff alleges that Stephen M. Hall, a California Superior Court judge, has violated
17  his state statutory and constitutional rights, as well as his federal rights, by denying plaintiff
18  access to transcripts, trial exhibits, and evidence used at plaintiff's trials, thereby preventing
19  plaintiff from filing an appeal or other court action.

20  Plaintiff has not stated a claim upon which relief can be granted.  A state judge is
21  absolutely immune from civil liability for damages for acts performed in his judicial
22  capacity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967), but the doctrine of judicial
23  immunity does not bar claims for injunctive relief in § 1983 actions, *see Pulliam v. Allen*,
24  466 U.S. 522, 541-42 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en
25  banc).  However, § 1983 itself provides that "in any action brought against a judicial officer
26  for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be
27  granted unless a declaratory decree was violated or declaratory relief was unavailable." 42
28

United States District Court
For the Northern District of California

U.S.C. § 1983.  Plaintiff has not alleged, nor is there anything in the amended complaint to support an inference, that a declaratory decree was violated, or that declaratory relief was unavailable.  Accordingly, plaintiff having failed to state a claim for relief upon which relief can be granted, the amended complaint is DISMISSED.

The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED:  August 23, 2010

  RICHARD SEEBORG
United States District Judge